**No. 26391**

**The People of the State of Colorado v. Samuel Tabron**

(544 P.2d 380)

Decided January 5, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, Robert C. Lehnert, Assistant, for plaintiff-appellee.

Bernard D. Morley, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The appellant was convicted of a violation of the Colorado Obscenity Statute. 1971 Perm. Supp., C.R.S. 1963, 40-7-102 (1) (b); *see also* 1971 Perm. Supp., C.R.S. 1963, 40-7-101 (1).[1] The issues before us parallel

---

[1] Section 18-7-102 (1) (b), C.R.S. 1973; *see also* section 18-7-101 (5) and (8), C.R.S. 1973.

those which were resolved in *People v. Tabron,* 190 Colo. 149, 544 P.2d 372; *People v. Hildebrandt,* 190 Colo. 167, 544 P.2d 384; and *Menefee v. City and County of Denver,* 190 Colo. 163, 544 P.2d 382. Our holding in *People v. Tabron, supra,* requires that we reverse the appellant's conviction and remand with directions to dismiss the charges in this case.

The appellant was convicted of promoting obscenity, in violation of 1971 Perm. Supp., C.R.S. 1963, 40-7-102 (1) (b),[2] which provides:

"(1) A person commits promoting obscenity if he knowingly:

. . . .

"(b) As owner, producer, director, manager, or performer, promotes any obscene performance or any portion of such a performance which contributes to the obscenity of the performance as a whole."

In our view, the evidence was sufficient to establish that the appellant was the manager of the Las Vegas Cinema Theater at the time the film "Behind the Green Door" was shown. However, the definition of the word "obscene" contained in 1971 Perm. Supp., C.R.S. 1963, 40-7-101 (1) and (2),[3] was condemned by us in *People v. Tabron, supra,* as being vague and overbroad when measured by constitutional standards.

Prior to trial, defense counsel filed a motion to require the trial judge to determine the community standard which would be used to judge the obscenity issue, but the trial judge refused to make such a determination.

Fundamental fairness requires that the defendant be advised by the court as to the community standard which is to provide the criteria for determining the issue of guilt or innocence. In the course of the trial, evidence relating to the obscenity issue was limited to El Paso County without prior notice to the defendant. As a result, the community standard was a matter of speculation until the time of trial.

Admittedly, a national standard would be an exercise in futility. *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). The elusive contemporary community standards refereed to in the *Miller* case were left for definition by the states in *Jenkins v. Georgia,* 418 U.S. 153, 94 S.Ct. 2750, 41 L.Ed.2d 642 (1974). 1971 Perm. Supp., C.R.S. 1963, 40-7-101 (2)[4] directs that obscene material is to be measured "by reference to the average adult in the community as a whole . . . ."

The legislature has provided us with a definition of community standards that lacks clarity. The appellant contends, and rightly so, that anything less than a state-wide standard is unworkable when state obscenity statutes are involved. It is fundamentally unfair that any person would be called upon to undergo a trial that would entail criminal penalties for

---

[2] Section 18-7-102 (1) (b), C.R.S. 1973.
[3] Section 18-7-101 (5) and (8), C.R.S. 1973.
[4] Section 18-7-101 (8), C.R.S. 1973.

---

the violation of a state obscenity statute without knowing what the standard is that will determine his guilt or innocence. The random decision of a judge or jury cannot be the standard, and the state statute should not be construed in a different manner in Denver, Littleton, Grand Junction, Colorado Springs, and Aspen.

█ In attempting to comply with the requirements of the *Miller* decision, other states have determined that a state-wide community standard is dictated by the constitution. *See Court v. State*, 63 Wis.2d 570, 217 N.W.2d 676 (1974); *see also Kaplan v. California*, 413 U.S. 115, 93 S.Ct. 2680, 37 L.Ed.2d 492 (1973); *Miller v. California, supra*; *People v. Heller*, 33 N.Y.2d 314, 307 N.E.2d 805 (1973); *State v. J-R Distributors*, 82 Wash.2d 584, 512 P.2d 1049 (1973). To impose less than a state-wide standard in the interpretation of a state statute would be to denigrate the constitutional guarantees that are afforded to every person. *U.S. Const.* amend. I; *Colo. Const.* Art. II, Sec. 10.

We are not deciding whether a local ordinance may impose a more restrictive community standard than that prescribed in the interpretation of a state statute.

Accordingly, we reverse and remand with directions to dismiss the charges against the appellant.

MR. CHIEF JUSTICE PRINGLE does not participate.