**No. C-671**

**Raymond L. Menefee, Jr. and Investors Productions, Inc. v. City and County of Denver**

(544 P.2d 382)

Decided January 5, 1975.
Rehearing or clarification denied January 19, 1976.

Fleishman, McDaniel, Brown & Weston, Sam Rosenwein, of counsel; Bernard D. Morley, for petitioners.

Max P. Zall, City Attorney, Lloyd K. Shinsato, Assistant, Sidney Biderman, Assistant, for respondent.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

Appellants, Raymond Menefee and Investors Products, Inc., were found in violation of R.M.C. § 823.7, an ordinance of the City and County of Denver, which provides penalties for the possession and promotion of obscene material.

"Deep Throat," a moving picture which has been widely discussed by the news media and has attracted large audiences in nearly every city and state, is before us for review. Neither the merits of nor the social significance of the film "Deep Throat" is before us for determination. *See People v. Tabron,* 190 Colo. 149, 544 P.2d 372; *See also* Rogge, *The High Court of Obscenity,* 41 U. of Colo. L. Rev. 1-59, 201-259 (1969).

The only issues which are before us on this appeal relate to:

(1) Whether the denial of a petition for certiorari in a criminal case that involved a violation of the same Denver ordinance forecloses further appel-

late review;

(2) Whether the Denver ordinances are constitutional.[1]

We reverse and dismiss the charges which were filed against the appellants.

## I.

The City Attorney suggests that our denial of certiorari in a case involving a violation of the same municipal ordinance forecloses further review by this court. We disagree. In *Dreiling Motor v. Court of Appeals,* 171 Colo. 448, 468 P.2d 37 (1970), we held that review by certiorari constitutes appellate review under the Colorado Constitution. *Colo. Const.* Art. VI, Sec. 2.

C.A.R. 54 does not specifically state what the effect of a denial of certiorari is on subsequent petitions for certiorari. A petition for certiorari is addressed to sound judicial discretion, and denial does not constitute a determination of the issues on the merits. *See* C.A.R. 49 and 35 (f). Denial of a petition for certiorari in a criminal case means nothing more than that this court has declared that the case is not properly postured for further appellate review. *See United States v. Carver,* 260 U.S. 482, 43 S.Ct. 181, 67 L.Ed. 361 (1923); *Maryland v. Baltimore Radio Show,* 338 U.S. 912, 70 S.Ct. 252, 94 L.Ed. 562 (1950); 1 *J. Moore's Federal Practice* ¶ 0.402.

## II.

Obscene material proscribed in R.M.C. § 823.7 is defined in R.M.C. § 802.2 as:

"That which, considered as a whole, predominately appeals to the prurient interest in nudity, sex, sexual conduct, sexual excitement, excretion, sadism, masochism, or sado-masochistic abuse; which is patently offensive in describing, portraying, or dealing with such matters; and which, considered as a whole, lacks serious literary, artistic, political or scientific value (Ord. 836, Series 1973)."

The only difference between the corresponding Colorado Obscenity Statute[2] and the municipal ordinance here in issue is that the third prong of the obscenity standard announced in *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), has been included as part of the ordinance. *See* Note, *Colorado Municipal Government Authority to Regulate Obscene Material,* 51 Denver L. J. 75 (1974).

---

[1] Appellants also challenge the validity of the search warrant which authorized seizure of the film. Since there was a judicial determination of probable cause prior to seizure of the film, and no prior restraint, the issue is of no consequence. *See Heller v. New York,* 413 U.S. 483, 93 S.Ct. 2789, 37 L.Ed.2d 745 (1973); *Paris Adult Theatre I v. Slaton,* 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed.2d 446 (1973); *Houston v. Manerbino,* 185 Colo. 1, 521 P.2d 166 (1974).

[2] *See* 1971 Perm. Supp, C.R.S. 1963, 40-7-101(1) to 101(2).

■ The state obscenity statutes which we construed in *People v. Tabron,* 190 Colo. 149, 544 P.2d 372; *People v. Tabron,* 190 Colo. 161, 544 P.2d 380; and *People v. Hildebrandt,* 190 Colo. 167, 544 P.2d 384 include the same infirmities which appear in the municipal ordinance. Although the municipal ordinance includes the *Miller* standard that the allegedly obscene matter "taken as a whole lacks serious literary, artistic, political or scientific value," it fails to meet the second prong of the *Miller* standard. The second prong relates to "whether the work depicts or describes in a patently offensive way sexual conduct *specifically defined* by the applicable state law." [Emphasis added.] The municipal ordinances fail to define with the requisite specificity the sexual conduct which cannot be depicted or described without violating the obscenity law. To be obscene ". . . expression must in some significant way be erotic." *Erznoznik v. City of Jacksonville,* 422 U.S. 205, 95 S.Ct. 2268, 45 L.Ed.2d 125 (1975); *compare* the cases cited in footnote 10 of the opinion. The municipal ordinance delineates some acts that do not, in our opinion, constitute erotic conduct.

■ The ordinance is patently overbroad, as well as vague. *See* *Butler v. Michigan,* 352 U.S. 380, 77 S.Ct. 524, 1 L.Ed.2d 412 (1957). The vague standard articulated by the ordinance causes an unreasonable chill on First Amendment rights and fails to adequately apprise the public of the nature of that conduct for which criminal penalties will be imposed. Both the United States and Colorado Constitutions guarantee that every person may receive and consider unpopular, and even offensive, expressions which are compatible with a free society.

Accordingly, we find the Denver municipal ordinance regulating the possession and promotion of obscenity unconstitutional on the basis of the First Amendment of the United States Constitution, as applied to the States through the Fourteenth Amendment, and Article II, Section 10 of the Colorado Constitution. The conviction of the defendants in the County Court of the City and County of Denver, as affirmed by the Superior Court, is, therefore, reversed and remanded with directions to dismiss the charges against petitioners.

MR. CHIEF JUSTICE PRINGLE does not participate.