No. 26839
No. 26840
No. 26841

**The People of the State of Colorado v. James A. Hildebrandt, Suzanne M. Hildebrandt, and Renegade Royale, LTD.**

(544 P.2d 384)

Decided January 5, 1975.

J. E. Losavio, Jr., District Attorney, Donald M. Hoerl, Chief Deputy, Patricia W. Robb, Deputy, for plaintiff-appellant.

Arthur M. Schwartz, for defendants-appellees.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This appeal arises out of the separate determinations of three different district judges that the Colorado Obscenity Statute, 1971 Perm. Supp., C.R.S. 1963, 40-7-102[1] (including therein the provisions relating to the

---

[1] Section 18-7-102, C.R.S. 1973.

definition of "obscenity" in 1971 Perm. Supp., C.R.S. 1963, 40-7-101 (1) and (2)),[2] is vague and overly broad. The judges also held that the obscenity statute fails to provide adequate notice as to what constitutes criminal conduct. The district attorney has appealed. We affirm.

Between November 15, and December 6, 1974, the defendants, James A. Hildebrandt, Suzanne M. Hildebrandt, and Renegade Royale, Ltd., were charged in two indictments and in a seventeen-count information with promoting obscenity, in violation of 1971 Perm. Supp., C.R.S. 1963, 40-7-102. Thereafter, motions to dismiss were filed by the defendants alleging that the definition of "obscenity" contained in 1971 Perm. Supp., C.R.S. 1963, 40-7-101 and 102 was vague and overly broad and failed to give adequate notice as to the prohibited conduct. The motions to dismiss asserted an encroachment upon liberties protected by the United States Constitution and the Colorado Constitution. *U. S. Const.* amends. I and XIV; *Colo. Const.* Art. II, Sec. 10. The motions to dismiss were granted by the three district judges in Pueblo County. The sole issue on appeal is whether the district courts erred in holding that 40-7-102 is unconstitutional.

Our holding in *People v. Tabron,* 190 Colo. 149, 544 P.2d 372, eliminates the need for any extended discussion of the constitutional issue set forth in these cases. In short, the statutory section in issue has been declared unconstitutional upon the basis of the First Amendment of the United States Constitution, as applied to the States through the Fourteenth Amendment. *See also Colo. Const.* Art. II, Sec. 10.

Accordingly, we affirm.

MR. CHIEF JUSTICE PRINGLE does not participate.

[2] Section 18-7-101 (5) and (8), C.R.S. 1973.