No. 28038

The People of the State of Colorado v. New Horizons, Inc., a Colorado corporation, d/b/a The News Stand
No. 28096
The People of the State of Colorado v. Johann Skinner, Darryl I. Deighton, Wayne Fair, Jesse Jay Weaver and Richard Browning
No. 28136
The People of the State of Colorado v. Renegade Royale, Ltd., a Colorado corporation, James Allen Hildebrandt and Suzanne M. Hildebrandt
No. 28200
The People of the State of Colorado v. Bry-Lyn Corp., a Colorado corporation, d/b/a Adult Gift Shoppe
No. 28413
The People of the State of Colorado v. Plateau Management and Investment Co., Inc., a Colorado corporation, doing business as Kitty's Pleasure Palace, Inc.
No. 79SA322
The People of the State of Colorado v. G.N.A. Incorporated, Kristy Nease, William Robert McCall and Wayne Hickerson

(616 P.2d 106)

Decided August 18, 1980. Rehearing denied September 8, 1980 in 79SA322 and 28096.

Alexander M. Hunter, District Attorney, Kevin M. Shea, Deputy, for plaintiff-appellee in 28038.

Arthur M. Schwartz, P.C., for defendant-appellant in 28038.

Bruce Taylor, for Charles H. Keating, Jr., amicus curiae in 28038.

Robert L. Russel, District Attorney, Lance M. Sears, Deputy, for plaintiff-appellee in 28096.

Arthur M. Schwartz, P.C., for defendants-appellants in 28096.

Charles H. Keating, amicus curiae in 28096.

J. E. Losavio, District Attorney, Warren T. Marshall, Deputy, Amy S. Isaminger, Deputy, for plaintiff-appellant in 28136.

Nicholas J. Bourg, Lloyd C. Kordick, for defendants-appellees in 28136.

Lance M. Sears, Deputy, for plaintiff-appellee in 28200.

Arthur M. Schwartz, P.C., for defendant-appellant in 28200.

Dale Tooley, District Attorney, Brooke Wunnicke, Chief Appellate Deputy, for plaintiff-appellee in 28413.

Arthur M. Schwartz, P.C., Neil Auervais, for defendant-appellant in 28413.

Robert N. Miller, District Attorney, Stanley C. Peek, Assistant, for plaintiff-appellee in 79SA322.

Arthur M. Schwartz, P.C., for defendants-appellants in 79SA322.

*En Banc.*
JUSTICE ERICKSON delivered the opinion of the Court.

■ In these appeals, which have been consolidated for the purposes of this opinion, we are called upon to determine the constitutionality of the Colorado Obscenity Statute, section 18-7-101, C.R.S. 1973 (now in 1978 Repl. Vol. 8), *et seq.* The defendants in *People v. Skinner, People v. Royale* and *People v. G.N.A., Inc.*, were charged with promoting obscene material, pursuant to section 18-7-103, C.R.S. 1973, and conspiracy to promote obscene material, pursuant to section 18-2-201, C.R.S. 1973 (now in 1978 Repl. Vol. 8), which provide the foundation for the constitutional claim that the statute abridges the First Amendment. In *People v. New Horizons, People v. Plateau Management and Investment Co.*, and *People v. Bry-Lyn Corp.*, the prosecution sought to enjoin the distribution of obscene material. We hold the Colorado Obscenity Statute to be unconstitutional because of the statutory definition of obscene materials, and remand to the respective trial courts for dismissal. (*People v. Renegade Royale, Ltd., et al.* has previously been dismissed.)

The facts in these cases are substantially similar and may be amply illustrated by reference to *People v. G.N.A., Inc.* In *G.N.A.*, officers of the Greeley Police Department purchased several allegedly obscene magazines from employees of the Greeley News Agency, located in Greeley, Colorado. Each of the magazines contained written textual material accompanied by photographs of a number of sexual acts. The sex acts depicted in the photographs included intercourse, fellatio, masturbation, and other explicit sex acts. The prosecution subsequently charged G.N.A. and several of its employees with promoting obscene materials and with conspiring to promote obscene material.

After a trial to the court, the defendants were convicted on all counts. On appeal, the defendants challenge the constitutionality of the Colorado Obscenity Statute and assert other issues relating to their convictions. Our resolution of the constitutional issue obviates the need to address the other contentions raised by the defendants.

I.

In *People v. Tabron,* 190 Colo. 149, 544 P.2d 372 (1976), and its

companion cases,[1] we conducted an extensive review of the history of obscenity regulation, from the first reported common-law decision on obscenity[2] through the United States Supreme Court's pronouncement in *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). Although we are not inclined to repeat that exegesis in this opinion, we feel that a review of the "take as a whole" standard, which requires the examination of allegedly obscene matter in its entirety, is a necessary predicate to the resolution of the constitutional issue which lies at the heart of the cases before us.

At early common law, many courts adopted the definition of obscenity set forth in *Regina v. Hicklin*, L.R. 3 Q.B. 360 (1868). In that case, Chief Justice Cockburn defined the test for obscenity as:

"Whether the tendency of the matter charged as obscene is to deprave and corrupt those whose minds are open to such influences, and into whose hands a publication of this sort may fall."

As construed by the courts, the *Hicklin* test had two effects. First, it established a standard for obscenity based on the material's impact on particularly sensitive persons; and second, it allowed the challenged material to be judged by the impact of isolated excerpts without regard for the impact of the work taken as as a whole. *See People v. Tabron, supra*; Annot., 5 A.L.R.3d 1178, 1183.

In *Roth v. United States*, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957), the *Hicklin* test was rejected on the ground that its approach to the determination of obscenity based on the use of isolated passages could infringe upon legitimate materials which, on the whole, deserved First Amendment protection. The Supreme Court of the United States emphasized that "books, pictures and circulars must be judged as whole, in their entire context, and you are not to consider detached or separate portions in reaching a conclusion." 354 U.S. at 490. With this principle in mind, the United States Supreme Court formulated a new test which required a determination that an average person, applying contemporary community standards, would find that the dominant theme of the material taken as a whole appealed to prurient interests. Subsequent decisions, while modifying the prurient interest standard, adhered rigidly to the requirement that challenged materials be considered in their entirety. *See A Book Named "John Cleland's Memoirs of a Woman of Pleasure" v. Attorney General of the Commonwealth of Massachusetts*, 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966) (obscene material must be *utterly* without redeeming social value).

The 1973 decision of *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), marked the latest resolution of the

---

[1] *People v. Tabron*, 190 Colo. 161, 544 P.2d 380 (1975); *Menefee, Jr. v. Denver*, 190 Colo. 163, 544 P.2d 382 (1975); *People v. Hildebrandt*, 190 Colo. 167, 544 P.2d 384 (1975).
[2] *The King v. Sir Charles Sedley*, 1 Keble 620 (K.B. 1663).

obscenity issue. *Miller* provided the basis for the enactment of a host of new obscenity statutes, including the Colorado statute before us today. In *Miller*, the Court announced that the following three guidelines as to obscenity must be placed before the trier of fact:

"(a)   whether 'the average person, applying contemporary standards' would find that the work, *taken as a whole*, appeals to the prurient interest . . .,

"(b)   whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and

"(c)   whether the work, *taken as a whole*, lacks serious literary, political or scientific value." (Emphasis supplied.)

Significantly, while the Supreme Court of the United States again modified its definition of obscenity, most notably by abandoning the *Memoirs'* requirement that the work be utterly without redeeming social value, it reaffirmed the necessity of judging the material which is asserted to be obscene as a whole.

## II.

Section 18-7-101(6), C.R.S. 1973 of the Colorado Obscenity Statute provides the following definition of "obscene material:"

"'Obscene material' means that material, as defined in subsection (5) of this section, which:

"(a)   Taken as a whole, appeals to the prurient interest of the average person, applying contemporary statewide standards; and

"(b)   Depicts or describes hard-core sexual conduct; and

"(c)   Taken as a whole, lacks serious literary, artistic, political, or scientific value."

The term "material" is defined in subsection (5) of the same statute:

"'Material' means any physical object, facsimile, recording, transcription, pictorial representation, motion picture, or reproduction, whether mechanical, electrical, or chemical, which is used as a means of communicating sensation or emotion to human beings to or through the visual, aural, or tactile senses, *but does not include the printed or written word*." Section 18-7-101(5), C.R.S. 1973. (Emphasis added.)

A plain reading of subsections (5) and (6) leads to the conclusion that the proscribed material, which must be examined in its entirety, does not include any printed or written textual matter which accompanies the allegedly obscene photographs or is included in the same work. Stated another way, where an allegedly obscene magazine consists of both words and pictures, the pictures could be declared obscene and the entire magazine banned under the statute without reference to whether the included text or other articles imbued the magazine with serious literary, artistic, political, or scientific value. A medical treatise, where the text was illustrated with explicit anatomical photographs, could possibly fall within the statutory definition of obscenity.

In Part I of this opinion, we traced the development of the United States Supreme Court's "taken as a whole" standard and concluded that the test requires consideration of a challenged work in its entirety prior to any determination that portions of it are obscene. *See Penthouse Intern. Ltd. v. McAuliffe*, 610 F.2d 1353 (5th Cir. 1980); *Bryers v. State*, 480 S.W.2d 712 (Tex Crim. App. 1972). The essence of this standard mandates that the entire magazine or book must be examined, including articles, interviews, reviews, letters, drawings, and photographs. When the literary work, taken as a whole, violates the *Miller v. California* test, the material can be outlawed as obscene without violating the First Amendment. Because the Colorado Obscenity Statute does not allow the trier of the fact to consider the challenged work in its entirety, but requires that the obscene material be considered without reference to any accompanying words, we are compelled to hold that the statute unconstitutionally fails to meet the "taken as a whole" requirement as enumerated by the Supreme Court of the United States. Accordingly, the statute cannot be relied upon to support either a civil injunction or a criminal charge.

In reaching our decision, we are not unmindful of the legitimate purpose that the General Assembly may have had in excluding the printed or written word from the definition of obscene material. Clearly, the General Assembly may declare that materials containing only the written or printed word cannot be considered obscene under any circumstances. In this case, however, the statute goes beyond such a legitimate purpose and its provisions impinge upon interests protected by the First Amendment. While we recognize a duty, whenever possible, to authoritatively construe a Colorado statute to conform to constitutional standards, we are bound by the clear language of the statute and must declare it unconstitutional. Statutes must be drafted compatible with the constitution as interpreted by the United States Supreme Court. *See People v. Tabron, supra* at 159-160.

Accordingly, we hold the Colorado Obscenity Statute, section 18-7-101, C.R.S. 1973, *et seq.*, unconstitutional and remand the consolidated cases to the respective district courts with directions to dismiss.