## MOORE v. STATE OF INDIANA.

[No. 22,634. Filed December 11, 1914. Rehearing denied March 25, 1915.]

1. ANIMALS.—*Cruelty to Animals.—Statutes.*—Section 2499 Burns 1914, Acts 1907 p. 57, relating to cruelty to animals and providing a penalty for its violation, enumerates a series of acts or omissions which may constitute such cruelty, and is not open to the objection that it is so indefinite and ambiguous as to be void for uncertainty. p. 116.

2. ANIMALS.—*Cruelty to Animals.—Indictment.*—Where each count of an indictment charging cruelty to animals averred in detail the specific acts complained of as constituting such cruelty, and the

acts were of such character as to leave it a matter of common knowledge that their effect was necessarily harmful to the animal, the indictment was sufficient without alleging that the acts produced an ill effect.  p. 116.

From Tippecanoe Circuit Court; *Richard P. DeHart,* Judge.

Prosecution by the State of Indiana against Wilbur G. Moore.  From a judgment of conviction, the defendant appeals. *Affirmed.*

*D. P. Flanagan, Rochester Baird* and *Kumler & Gaylord,* for appellant.

*Thomas M. Honan,* Attorney-General, *Homer W. Hennegar, Roy C. Street* and *Edwin Corr,* for the State.

SPENCER, J.—Appellant was tried and convicted in the Tippecanoe Circuit Court on an indictment charging him with a violation of §2499 Burns 1914, Acts 1907 p. 57.  He appeals.

The statute on which the indictment is based provides that ''Whoever overdrives, overloads, drives when overloaded, overworks, tortures, torments, deprives of necessary sustenance, cruelly beats, mutilates or cruelly kills or causes or procures to be so overdriven, overloaded, driven when overloaded, overworked, tortured, tormented, deprived of necessary sustenance, cruelly beaten, mutilated or cruelly killed, any animal; and whoever, having charge or custody of any animal, either as owner or otherwise, inflicts needless cruelty upon the same, or mutilates the same, or deprives it of natural means of defense or protection, or cruelly or unnecessarily fails to provide the same with proper food, drink, shelter or protection from the weather, shall, on conviction,'' etc.

The indictment in this case is in five counts, the first and second of which charge appellant with inflicting needless cruelty on a certain horse owned by him ''by then and there confining said horse in a certain barn or stable, then and there situate, said stable being then and there without proper

light and the stall in which said horse was kept, being then and there filled with the filth and excrement of said horse, and said horse was then and there kept without bedding and permitted to lie in said filth and excrement and so keeping said horse, without any provision made for said horse to escape, and said horse was and has been kept for more than one year prior to the 13th day of December, 1913, and by failing to feed said horse with enough and proper feed to sustain the same, and by failing to give said horse sufficient water to quench his thirst and by failing to give said horse proper exercise." The other counts of the indictment, in substantially the same language, charge appellant with torturing said horse.

Appellant contends that §2499, *supra,* is so indefinite and ambiguous in its terms as to be void for uncertainty; also that the indictment drawn under it does not charge appellant with the commission of any offense for the reason that it does not specify in what manner the alleged acts of torture and needless cruelty affected the horse. We cannot sustain either contention. The purpose of the statute is to provide a punishment for cruelty to animals. To make clear this general purpose, it enumerates a series of acts or omissions which may constitute such cruelty and is sufficiently definite and certain in its phraseology to withstand the objections here urged against it.

The indictment, in its several counts, charges appellant with cruelty to his horse. In each count the specific acts complained of as constituting such cruelty are set out in detail and are clearly sufficient to sustain the indictment unless it shall appear that the statute contemplates further a formal allegation that such acts produced an ill effect on the animal in question. It is true that the opinion in *State* v. *Bruner* (1887), 111 Ind. 98, 100, suggests that "the method of torture or mutilation, as well as the effect produced, ought to be stated", but that case holds sufficient an indictment which was less specific and certain

than the one now under consideration.  The acts here complained of are set out in detail and are of such a character as to leave it a matter of common knowledge that their effect on the horse was necessarily harmful.  We hold the indictment sufficient.  *State* v. *Giles* (1890), 125 Ind. 124; *Commonwealth* v. *Curry* (1890), 150 Mass. 509, 23 N. E. 212.

It is further contended that the evidence in this case does not support the finding and judgment of the court.  We deem it unnecessary to incorporate in this opinion an extensive review of the evidence presented to the trial court.  It is enough to say that it is sufficient to sustain the charges made in the indictment and to uphold the judgment of conviction.  Judgment affirmed.

Note.—Reported in 107 N. E. 1.  As to whether wounding of animals is an indictable offense, see 72 Am. Dec. 357.  See, also, under (1) 36 Cyc. 969;  (2) 2 Cyc. 341.