THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* DELORES SCHOOS, Respondent-Appellant.

(No. 58537;

First District (4th Division)—November 21, 1973.

Patrick T. Murphy, John D. Shullenberger, and James M. DeZelar, all of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner, Kevin Sweeney, and Fredric B. Weinstein, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The Circuit Court of Cook County entered findings of child neglect against the respondent, Delores Schoos, on September 7, 1972, pursuant to section 2—4 of the Juvenile Court Act (Ill. Rev. Stat. 1971, ch. 37, §702—4). The issue presented for review is whether section 2—4 is unconstitutionally vague and overly broad.

On May 9, 1972, the respondent was informed by police that her 14-year old daughter by a previous marriage, Geraldine Rubo, had been taken into custody as a runaway child. Geraldine told the officers she had been sexually assaulted on two occasions by Leroy Gadson, the man who had been co-habiting with her mother. The police informed representatives of the Illinois Department of Children and Family Services, and the Department took five of the respondent's six children from her and placed them in foster homes. The respondent had legal custody of her children since her divorce seven years before.

On May 19, 1972, the Department filed petitions in the Juvenile Court charging the respondent with child neglect. On June 9, 1972, counsel for the respondent filed a motion to dismiss or, in the alternative, a motion for declaratory judgment, in which it was alleged that the statute in question was unconstitutionally vague and overly broad. After briefs were filed and arguments heard, the court denied the motion.

On September 7, 1972, a trial was held and there was testimony that Mrs. Schoos had been co-habiting with Leroy Gadson and that she had permitted her two oldest daughters, aged 14 and 15, to smoke marijuana that Gadson had brought into the home. There was no testimony that Gadson had sexually assaulted Geraldine, but Ann Rubo, aged 15, testified Gadson had asked her to have his child.

In its dispositional order of October 26, 1972, the court followed the recommendation of the Illinois Department of Children and Family Services and placed three of the children with their natural father and permitted two of them to remain with the respondent.

The respondent contends section 2—4 of the Juvenile Court Act deprives her of due process of law in that it is so vague and overly broad

as to lack adequate notice of what parental acts it proscribes, and allows selective and discriminatory enforcement by prosecuting officials and courts, and includes within its coverage parental acts which are constitutionally protected.

Section 2—4 of the Juvenile Court Act (Ill. Rev. Stat., ch. 37, § 702—4) provides in part:

> "(1) Those who are neglected include any minor under 18 years of age
>
>> (a) who is neglected as to proper or necessary support, education as required by law, or as to medical or other remedial care recognized under State law or other care necessary for his well-being, or who is abandoned by his parents, guardian or custodian; or
>>
>> (b) whose environment is injurious to his welfare or whose behavior is injurious to his own welfare or that of others."

Mrs. Schoos argues that raising her family without governmental interference is a fundamental right, and the State must show it has a "compelling interest" in restricting that fundamental right.

■■ Both the United States and Illinois Supreme Courts have held a statute need not be more specific than is possible under the circumstances. In *Jordan v. De George* (1951), 341 U.S. 223, 95 L.Ed. 887 the court upheld an act allowing the deportation of an alien convicted of a crime involving "moral turpitude." The court stated:

> "We have several times held that difficulty in determining whether certain marginal offenses are within the meaning of the language under attack as vague does not automatically render a statute unconstitutional for indefiniteness. *United States v. Wurzbach*, 280 U.S. 396, 399 (1930). Impossible standards of specificity are not required. *United States v. Petrillo*, 332 U.S. 1 (1947). The test is whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. *Connally v. General Construction Co.*, 269 U.S. 385 (1926)."

In the case of *Wadlington v. Mindes* (1970), 45 Ill.2d 447, the court held a statute which denied unemployment compensation to an individual who removes himself to an area "where opportunities for work are substantially less favorable" was not unconstitutionally vague:

> "Of course it can be argued that the legislative body should have described the questionable areas with greater precision. But the inexhaustible variety of situations that may arise, as illustrated by the cases we have cited, shows the impracticability, and, as some of those opinions suggest, the undesirability, of an inflexible defi-

nition. No precise standard that is both practicable and comprehensive enough to embrace fluctuating economic conditions has been suggested, and none has occurred to us."

■■ Child neglect is by its very nature incapable of a precise and detailed definition and, contrary to the respondent's contention, the child neglect statute does not infringe on any of the basic liberties protected by the United States Constitution. The United States Supreme Court has never held a parent has the right to treat his child as he wishes, subject only to limited and strictly defined state intervention. In *Wisconsin v. Yoder* (1972), 406 U.S. 205, 32 L.Ed.2d 15, 92 S.G. 1526, the court held parents have some rights with respect to their children's education irrespective of a state statute based on religious beliefs, but the court also recognized the state's broad powers as *parens patriae*. Consequently, the statute need not meet a higher standard of specificity than is ordinarily applied.

The state does have a compelling interest to protect children from abuse and neglect, and to narrow the statute would have the effect of diminishing the rights of children who have no other means of protecting themselves. If a parent believes the court abused its discretion in a particular instance, he may seek review in this court. In this case the respondent does not allege such an abuse of discretion by the trial court.

■■ The child neglect laws of Illinois have been in existence for over seventy years, and while the passage of time is not conclusive as to the validity and the constitutionality of a statute, it creates a strong presumption against its invalidity. *People ex rel. Drobnick v. City of Waukegan* (1953), 1 Ill.2d 456.

We hold that although the language of the statute is general, due process does not require standards more specific than can reasonably be applied.

For these reasons the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO and JOHNSON, JJ., concur.