The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Mike GROSS, Defendant-Appellant.

No. 83SA91.

Supreme Court of Colorado,
En Banc.

Oct. 17, 1983.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., John Daniel Dailey, Chief, Crim. Appeals Enforcement Section, Denver, for plaintiff-appellee.

David F. Vela, Colo. State Public Defender, Elizabeth A. Joyce, Deputy State Public Defender, Denver, for defendant-appellant.

ERICKSON, Chief Justice.

The defendant, Michael Dean Gross, appeals his conviction by a jury of second-degree sexual assault, sections 18–3–403(1)(c) and (f), C.R.S.1973 (1978 Repl.Vol. 8), claiming that parts (c) and (f) of the statute are unconstitutionally vague. He also claims that the trial court erred in denying his motion for judgment of acquittal because there was insufficient evidence to support his conviction of the charges. We affirm.

Subsections (c) and (f) of section 18–3–403(1) are not unconstitutionally vague and the evidence was sufficient to support the defendant's conviction.

## I.

In the spring of 1981, Michael Dean Gross was staying at the house in which Kathy and Kay lived with their mother, stepfather, and another adult male. At the time, Gross was twenty-eight, Kathy was ten, and Kay was fifteen and mentally retarded.

The record reflects the following factual background. On an afternoon when the other adults were away from the house, Gross put Kathy and Kay down for naps in their bedrooms. The girls did not ordinarily take afternoon naps. Kathy testified that she saw the defendant enter Kay's bedroom and close the door. When he did not leave, Kathy went down the hall and looked in Kay's bedroom. She saw the defendant and Kay "making love."

A social worker assigned later to Kay's case learned of this episode and reported it to the Colorado Springs Police Department. The defendant was subsequently arrested and charged with sexual assault in the second degree. On January 14, 1982, after a trial to a jury in El Paso County, he was found guilty as charged.

## II.

Gross asserts that parts (c) and (f) of section 18–3–403(1) are unconstitutionally vague. Section 18–3–403(1) provides:

"(1) Any actor who knowingly inflicts sexual penetration or sexual intrusion on a victim commits sexual assault in the second degree if:

. . . .

(c) The actor knows that the victim is incapable of appraising the nature of the victim's conduct; or

. . . .

(f) At the time of the commission of the act, the victim is less than eighteen years of age and the actor is the victim's guardian or is responsible for the general supervision of the victim's welfare; . . . ."

■ The standard for determining whether a statute is void for vagueness has been set forth by this court on many occasions. See generally People ex rel. City of Arvada v. Nissen, 650 P.2d 547 (Colo.1982). A statute is presumed to be constitutional and the burden is on the party attacking the statute to establish its unconstitutionality beyond a reasonable doubt. People v. Phillips, 652 P.2d 575 (Colo.1982); People ex rel. City of Arvada v. Nissen, supra. If a challenged statute is capable of alternate constructions, one of which is constitutional, the constitutional interpretation must be adopted. People v. Jennings, 641 P.2d 276 (Colo.1982); People v. Smith, 638 P.2d 1 (Colo.1981).

■ Criminal statutes should be framed with clarity sufficient to inform a person of the standards of conduct imposed and to give fair warning of the acts which are forbidden. People v. Allen, 657 P.2d 447 (Colo.1983); People ex rel. City of Arvada v. Nissen, supra. However, due process of law does not require scientific exactitude in legislative draftsmanship. People v. Castro, 657 P.2d 932 (Colo.1983); People v. Allen, supra. A criminal statute is not subject to attack because it fails to define every word or act that constitutes an element of an offense. People v. Castro, supra; People v. Phillips, supra. Due process is satisfied when the statutory terms are sufficiently clear to persons of ordinary intelligence to afford a practical guide for law-abiding behavior and are capable of application in an even-handed manner by those responsible for enforcing the law. People v. Castro, supra; People v. Allen,

*supra; People ex rel. City of Arvada v. Nissen, supra.* Only where the statute provides no discernible standards at all for defining any proscribed conduct should the harsh remedy of voiding a statute on its face be employed. *People v. Smith, supra; People v. Garcia,* 189 Colo. 347, 541 P.2d 687 (1975).

## A.

Section 18–3–403(1)(c), C.R.S.1973 (1978 Repl.Vol. 8) prohibits sexual activity between an actor and a female victim where the actor knows that the victim is incapable of appraising the nature of her conduct. Defendant claims that the term "nature" as used in the statute is so broad that it fails to provide adequate standards to enable a jury to apply the law consistently and in accordance with legislative intent. A common term is to be given its generally accepted meaning. *Alonzi v. People,* 198 Colo. 160, 597 P.2d 560 (1979). Common sense understanding of a word provides further guidance. *People v. Garcia,* 197 Colo. 550, 595 P.2d 228 (1979). *See also* section 2–4–101, C.R.S.1973 (1980 Repl.Vol. 1B). (Words and phrases shall be read in context and construed according to the rules of grammar and common use.) We have not previously found it necessary to define "nature" which, as used in the statute, comports with statutory language found in other jurisdictions, none of which expressly define the term.[1]

■ In our view, the statutory language of section 18–3–403(1)(c) is not void for vagueness. If a victim is incapable of understanding how her sexual conduct will be regarded within the framework of the societal environment of which she is a part, or is not capable of understanding the physiological implications of sexual conduct, then she is incapable of "appraising the nature of [her] conduct" under the lan-

guage of the statute. *See People v. McMullen,* 91 Ill.App.3d 184, 46 Ill.Dec. 492, 414 N.E.2d 214 (1980); *People v. Easley,* 42 N.Y.2d 50, 396 N.Y.S.2d 635, 364 N.E.2d 1328 (1977). The statutory language is framed with clarity sufficient to inform the persons subject to it of the standard of conduct imposed and to give fair warning of the acts which are forbidden. We conclude, accordingly, that section 18–3–403(1)(c) is not unconstitutionally vague.

## B.

Defendant also challenges section 18–3–403(1)(f), claiming that the statutory phrase "actor . . . is responsible for the general supervision of the victim's welfare" is unconstitutionally vague because of its susceptibility to application in cases like his own. Gross claims that he was not a person responsible for the victim's welfare. He also claims that the fact that he has been convicted under the statute is proof that the language is too vague to be a guide for law-abiding behavior.

We find, however, that this language was intended to be general. The incest statutes, sections 18–6–301 to –302, C.R.S.1973 (1978 Repl.Vol. 8), proscribe sexual conduct between close relatives, including parents and their offspring, and the language of section 18–3–403(1)(f) itself proscribes such conduct between "guardians" and their charges. Therefore, an "actor . . . responsible" is meant to be a broad category including all other persons in positions of authority over their victims who use their authority to gain sexual gratification.[2] All of the words in the challenged phrase must be given the benefit of a common sense understanding. A statute should be sufficiently specific to give fair warning of proscribed conduct and, yet remain sufficiently general "to address the essential problem under varied

---

1. *See, e.g., Ala.Code* § 13A–6–60(5) (1975) (1982 Repl.Vol. 12); *Me.Rev.Stat.Ann.* tit. 17–A, § 253(2)(c) (1964); *Neb.Rev.Stat.* § 28–319(1)(b) (1943) (1979 Reissue of Vol. 11A); *Nev.Rev.Stat.* § 200.366, subd. 1 (1981); *Or. Rev.Stat.* § 163.305(4) (1981 Repl.Part). The language of the cited statutes, as well as Colo-

rado's statute, is based on the language of *Model Penal Code* §§ 213.1(1)(b) and 213.4(2).

2. *See Model Penal Code,* § 213.3(1)(b) (and comment) (purpose of provision is to condemn the illegitimate use of authority to gain sexual gratification).

circumstances and during changing times." *People v. Castro,* 657 P.2d 932, 939 (Colo. 1983). The vagueness doctrine is not an invitation for the technical parsing of statutory or dictionary meaning; it is also not

> "an exercise in semantics to emasculate legislation; rather, it is a pragmatic means to ensure fairness. Where fairness can be achieved by a commonsense reading of the statute, we will not adopt a hypertechnical construction to invalidate the provision."

*People v. Garcia,* 197 Colo. at 554, 595 P.2d at 231 (quoted with approval in *Americans United for Separation of Church & State Fund, Inc. v. Colorado,* 648 P.2d 1072 (Colo. 1982)).

■ We hold that section 18–3–403(1)(f) does not forbid or require the "doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application...." *Connally v. General Construction Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926); *see also People v. Allen,* 657 P.2d 447 (Colo.1983).

### III.

The defendant argues that the trial court erred in denying his motion for a judgment of acquittal because the evidence presented was insufficient to support a verdict of sexual assault in the second degree. We find no error.

When a motion for judgment of acquittal is before the trial court, the issue is whether the relevant evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty of the charge beyond a reasonable doubt. *People v. Gonzales,* 666 P.2d 123 (Colo.1983); *People v. Downer,* 192 Colo. 264, 557 P.2d 835 (1976); *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973).

■ Evidence in the record establishes that the victim, Kay, was mentally retarded, lived at times in a "dream world," and tended not to know what she was doing.

Her testimony revealed an extremely simplistic understanding of sexual intercourse. The testimony at trial was that Gross was a temporary adult resident of the household; that he was alone in the house with the two girls on the afternoon in question; that he took upon himself the action of putting the girls down for a nap; and that the younger sister observed the defendant and Kay making love.

The testimony was sufficient to permit the jury to find that the defendant was guilty beyond a reasonable doubt of violating sections 18–3–403(1)(c) and (f). Substantial evidence supported the verdict and denial of the defendant's motion for judgment of acquittal.

Accordingly, we affirm.