THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* CYRIL ELBUS, Defendant-Appellee.

Fourth District   No. 4—82—0750

Opinion filed July 5, 1983.

John B. Leonard, State's Attorney, of Mt. Sterling (Robert J. Biderman and David E. Mannchen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

No appearance for appellee.

JUSTICE TRAPP delivered the opinion of the court:

This is an interlocutory appeal from rulings of the circuit court of Brown County. Defendant Cyril Elbus was charged by complaint with seven counts of failure to provide for sanitary disposal of domestic sewage on real estate owned by him (Ill. Rev. Stat. 1981, ch. 111½, par. 116.306), a misdemeanor (Ill. Rev. Stat. 1981, ch. 111½, par. 116.319). Before the trial began, the judge ruled that the State could not use defendant's prior testimony in a separate juvenile proceeding as direct evidence. After the jury was impaneled and heard testimony of several witnesses, the trial court suppressed correspondence between the Department of Public Health (Department) and defendant, photographs of the scene of the offense, and testimony thereon as a discovery sanction. This appeal was then brought by the State pursuant to Supreme Court Rule 604. (87 Ill. 2d R. 604; *People v. Flatt* (1980), 82 Ill. 2d 250, 412 N.E.2d 509.) The jury was discharged.

■ The appellee has not filed a brief with this court and, therefore, if the appellant's brief demonstrates *prima facie* reversible error and the contentions of the brief find support in the record of judgment, the trial court may be reversed. (*First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.) We affirm in part; reverse in part; and remand.

A family lived in a trailer on defendant's property. The trailer's sewage drained from a pipe beneath the trailer into a five-gallon bucket. No other sewage disposal system was provided. On February 9, 1982, Merle L. King, regional engineer for the Department, contacted Elbus by certified letter, advising him that he was required to provide proper sewage disposal on the property and requesting that he contact the Department within 10 days to discuss a temporary solution. Elbus wrote back that he and his tenant were going to fix the toilet facilities as soon as weather conditions permitted. King then wrote Elbus informing him that the sewage system must be installed according to the Private Sewage Disposal Act code and provided a copy.

On April 30, 1982, King wrote Elbus requesting that he contact the Department within five days and begin construction of a septic system within 20 days. On May 20, 1982, King wrote Elbus and requested that he begin construction of a properly installed private sewage disposal system before June 1, 1982, and advised him that the matter would otherwise be referred to the legal department for necessary action. On June 21, 1982, criminal complaints against defendant were filed.

We first consider the judge's ruling on the State's use of Elbus'

prior testimony in a proceeding involving his tenants under the Juvenile Court Act. Elbus testified voluntarily on behalf of his tenants that he had received several letters from the Department and had made a written reply, that he was in the process of installing a septic system, and that installation would be completed when weather permitted. Elbus was subsequently served as defendant in this case. The trial judge ruled that defendant, as a witness in a juvenile court proceeding, had a right to rely on the confidentiality of the proceeding. The judge limited the use of defendant's prior testimony to impeachment. This ruling was not error. The confidentiality of proceedings under the Juvenile Court Act is secured by section 2—10 of that Act. Ill. Rev. Stat. 1981, ch. 37, par. 702—10.

In the jury trial, the State sought to elicit testimony regarding the contacts between the Department and defendant about the sewage disposal matter and photographs taken at the scene of the offense. Defendant objected that the State, responding to a pretrial discovery request, denied possession of any physical evidence. The trial judge sustained defendant's objections. Outside the presence of the jury, the State made an offer of proof.

■ ■ The trial judge correctly concluded that the supreme court rules for discovery in criminal cases are not applicable in misdemeanor cases. The State is required to furnish defendants in misdemeanor cases with a list of witnesses (Ill. Rev. Stat. 1981, ch. 38, par. 114—9), any confession of defendant (Ill. Rev. Stat. 1981, ch. 38, par. 114—10), and evidence negating the defendant's guilt (*Brady v. Maryland* (1963), 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194). (*People v. Schmidt* (1974), 56 Ill. 2d 572, 309 N.E.2d 557.) Whatever authority a trial court may have had to order pretrial discovery, absent specific rules, is not relevant after adoption of the supreme court rules. *People v. Williams* (1981), 87 Ill. 2d 161, 429 N.E.2d 487.

The court nevertheless suppressed the evidence as a discovery sanction:

> "However, in this case the prosecution, instead of objecting to their motion for discovery, responded to it and said the prosecution is not in possession of any physical evidence. Now, 'I have a tendency to agree with the State's Attorney's concept that physical evidence may be something different than photographs, documents, and tangible objects, but I don't find the words 'physical evidence' in the discovery rules at all, but I do find them in some of the cases that have cropped up, and it seems to me that although it is a broad term it should be interpreted here to encompass these documents that are sought to

be introduced. Because the answer was that the prosecution is not in possession of them I think this is misleading to the defendant and I think it is only fair that I impose the sanction of not letting the People introduce the evidence of the documents, the photographs, or any testimony that these documents exist ***.''

We find that there was no discovery violation. Defendant made a discovery request for a witness list, any confessions and witnesses thereto, any physical evidence relating to this case in the State's possession, material or information known to negate defendant's guilt, and police reports. The suppressed evidence does not fall within these categories.

■ First, the only statements offered by the prosecutor were defendant's February 1982 letter to the Department, his testimony in the juvenile proceedings, and statements made to an employee of the Department of Children and Family Services (DCFS) in a telephone conversation. A confession is a voluntary acknowledgement of guilt after the perpetration of an offense, and it does not embrace mere statements or declarations of independent facts from which guilt may be inferred, while an admission is any statement or conduct from which guilt of the crime may be inferred but from which guilt does not necessarily follow. (*People v. Stanton* (1959), 16 Ill. 2d 459, 158 N.E.2d 47.) Defendant's letter preceded the date of the charged offense; his testimony followed the date of the charged offense. As to the former, defendant said only that he and his tenant would fix the toilet facilities when weather permitted; as to the latter, the court found that there was substantial compliance with the discovery. We do not address the question of whether statements made to the DCFS employee, Beth Noble, constitute a confession since the record does not indicate the statements made, the nature of the employee's position, or the date of the conversation.

■ Second, neither the correspondence between the Department and defendant nor the photographs of the scene of the offense had to be supplied on a general discovery request for "any physical evidence." A defendant's discovery request may be too indefinite or too comprehensive. (2 L. Orfield, Criminal Procedure Under the Federal Rules sec. 16.38 (1966).) Supreme Court Rule 412(a)(v) states that "any books, papers, documents, photographs or tangible objects" are discoverable. 87 Ill. 2d R. 412(a)(v).

In this context, "physical evidence" is a term of art. A request for physical evidence is a request for tangible objects, a distinct category under the rule. It does not encompass all that is "physical."

Physical evidence generally refers to items taken from the crime scene. Although this may include correspondence and photographs found at the scene of the offense, it does not include all correspondence and photographs. In this case, the correspondence passed between the parties prior to the charged offenses. Likewise, a request for "any physical evidence" is not sufficiently specific to require production of these photographs. *People v. Fitzgerald* (1977), 55 Ill. App. 3d 626, 370 N.E.2d 1207.

■ Third, defendant's counsel was furnished with a copy of the transcript of the juvenile proceedings in which Elbus testified. The transcript contains numerous references to correspondence between the Department and defendant. Defense counsel was thus aware, prior to trial, that he did not possess all material information to which he claimed entitlement under his discovery request. He proceeded to trial and may not complain of surprise as to the correspondence or its contents. *People v. Curtis* (1977), 48 Ill. App. 3d 375, 362 N.E.2d 1319.

■ Finally, if this had been a discovery violation, suppression of the evidence would have been too harsh a sanction. Such sanctions as may be used must necessarily be designed and structured to obtain pretrial discovery. An order suppressing the evidence has the effect of decreasing the equality necessary for a fair trial. It is a sanction which affects the prosecution and not the prosecutor who fails to provide discovery. *People v. Endress* (1969), 106 Ill. App. 2d 217, 245 N.E.2d 26; *People v. Petru* (1977), 52 Ill. App. 3d 676, 367 N.E.2d 980.

For these reasons we reverse that part of the order of the circuit court which suppressed the correspondence, the photographs, and testimony pertaining thereto, and remand the cause to the trial court for proceedings not inconsistent with our order.

Affirmed in part; reversed in part; and remanded.

WEBBER, P.J., and MILLS, J., concur.