(No. 56901.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appel-
lant, v. CHARLES CAFFREY, Appellee.

*Opinion filed October 4, 1983.*

Tyrone C. Fahner and Neil F. Hartigan, Attorneys General, of Springfield, and Richard M. Daley, State's Attorney, of Chicago (Michael B. Weinstein, Assistant Attorney General, of Chicago, and Michael E. Shabat, Joan S.

Cherry and Raymond Brogan, Assistant State's Attorneys, of counsel), for the People.

Patrick A. Tuite, of Chicago, for appellee.

JUSTICE CLARK delivered the opinion of the court:

Defendant, Charles Caffrey, was arrested on January 5, 1982, and charged with violation of the Illinois statute outlawing syndicated gambling (Ill. Rev. Stat. 1981, ch. 38, par. 28—1.1). The defendant was accused of accepting numerous bets on the results of football and basketball games. An offer of proof at a pretrial hearing established that all of the bets were placed on the afternoon and early evening of the day of the arrest. An indictment was returned on January 29, 1982. The circuit court of Cook County granted defendant's motion to dismiss on the grounds that the syndicated-gambling statute was unconstitutionally vague. A direct appeal to this court was taken pursuant to Illinois Supreme Court Rule 302(a) (87 Ill. 2d R. 302(a)).

The circuit court held that section 28—1.1 was unconstitutionally vague because the statute does not fix any time limit for the accumulation of bets. Section 28—1.1(b) defines "syndicated gambling" as engaging in the business of bookmaking. Section 28—1.1(d) provides in pertinent part:

"A person engages in bookmaking when he receives or accepts more than five bets or wagers upon the result of any trials or contests of skill, *** chance, casualty, unknown or contingent event whatsoever, which bets or wagers shall be of such size that the total of the amounts of money paid or promised to be paid to such bookmaker on account thereof shall exceed $2,000. Bookmaking is the receiving or accepting of such bets or wagers regardless of the form or manner in which the bookmaker records them." Ill. Rev. Stat. 1981, ch. 38, par. 28—1.1(d).

Two issues are presented on appeal: (1) whether the circuit court erred in allowing the defendant to challenge the

constitutionality of a statute based on the application of a hypothetical situation; (2) whether the syndicated-gambling statute is unconstitutionally vague.

Defendant urges this court to invalidate the syndicated-gambling statute because the statute could be applied to certain hypothetical situations in a fashion that would violate the fifth and fourteenth amendments to the United States Constitution (due process guarantees of the fifth amendment made applicable to the States by the fourteenth amendment), as well as article I, section 2, of the Illinois Constitution (Illinois' constitutional guarantee of due process). (U.S. Const. amends. V, XIV; Ill. Const. 1970, art. I, sec. 2). Defendant argues that an individual could have accepted a bet on the 1945 World Series and taken subsequent bets on sporting events in 1955, 1965, 1975 and 1980, and be found guilty of syndicated gambling under the terms of section 28—1.1. We find this argument to be without merit, and hold that the statute, as applied to this defendant, gives adequate constitutional protection. The mere possibility that a situation could arise in the future that would raise more serious constitutional questions cannot be used by this defendant to escape criminal prosecution. (*People v. Holder* (1983), 96 Ill. 2d 444.) The Supreme Court has noted:

> "Embedded in the traditional rules governing constitutional adjudication is the principle that a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the Court." *Broadrick v. Oklahoma* (1973), 413 U.S. 601, 610, 37 L. Ed. 2d 830, 839, 93 S. Ct. 2908, 2915.

Section 28—1.1 has been applied to other defendants without violating constitutional guarantees of due process. In *People v. Greenman* (1976), 38 Ill. App. 3d 734, the court affirmed the conviction of an individual who had accepted 16 bets totaling more than $3,200 in the course of

one day. The court reasoned that the absence of a time limit on accepting bets could not be used as a valid defense, since the defendant's conduct was clearly within the proscription of the statute. It is possible to conjure up situations so remote and unique as to render nearly every statute violative of constitutional protections but that is not a valid reason to end the criminal prosecution of a defendant whose conduct clearly falls within the bounds set by section 28—1.1.

We turn to the second issue presented in this appeal. Defendant urges this court to invalidate the syndicated-gambling statute on the grounds that the statute is unconstitutionally vague on its face. A criminal statute violates the requirement of due process if it fails to give adequate notice as to what action or conduct is proscribed. (*People v. Vandiver* (1971), 51 Ill. 2d 525.) No one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes. (*Lanzetta v. New Jersey* (1939), 306 U.S. 451, 453, 83 L. Ed. 888, 890, 59 S. Ct. 618, 619.) This court has consistently held that the United States and Illinois constitutions do not require impossible levels of specificity in penal statutes, but only that the statute convey sufficiently definite warnings that can be understood when measured by common understanding and practices (*People v. Dednam* (1973), 55 Ill. 2d 565, 567-68). Statutory words are presumed to have their ordinary and popularly understood meanings. (*People v. Schwartz* (1976), 64 Ill. 2d 275, 280.) Justice Marshall has noted: "Condemned to the use of words, we can never expect mathematical certainty from our language." (*Grayned v. City of Rockford* (1972), 408 U.S. 104, 110, 33 L. Ed. 2d 222, 228-29, 92 S. Ct. 2294, 2300.) Finally, statutes enjoy a presumption of constitutionality. *Livingston v. Ogilvie* (1969), 43 Ill. 2d 9, 12; *United States v. Cohen Grocery Co.* (1921), 255 U.S. 81, 92-93, 65 L. Ed. 516, 522, 41 S. Ct. 298, 301.

Defendant attacks the constitutionality of section 28—

1.1 on three levels: first, he argues that the definition of "bookmaking" is so vague that it gives no clear warning of the proscribed conduct. However, a careful reading of the statute indicates that this contention is unwarranted. Section 28—1.1 gives a precise description of the number of bets and dollar value of such bets that constitute felonious activity in Illinois. The words contained in the syndicated gambling statute are sufficiently definite and are subject to reasonable interpretation by persons of ordinary intelligence. This is all that is constitutionally required. (*United States v. Harriss* (1954), 347 U.S. 612, 617, 98 L. Ed. 989, 996, 74 S. Ct. 808, 812.) Defendant provides examples of Illinois statutes that have been invalidated for vague terminology. While our appellate court has struck down statutes that made it a crime to have "small quantities" of drugs (*People v. McPherson* (1978), 65 Ill. App. 3d 772), or to "visit" a gambling house (*City of Peoria v. McMorrow* (1980), 87 Ill. App. 3d 524), the statute being challenged in the case at bar is far more specific. Section 28—1.1 does not prohibit "small quantities" of bets, but provides a threshold level of five bets totaling more than $2,000.

Second, defendant submits that the comparable Federal law (18 U.S.C. sec. 1955 (1970)) and New York's syndicated gambling statute (N.Y. Penal Law sec. 225.10 (1980)) contain time limits in gambling violations that are not found in the Illinois statute. Defendant maintains that such time limits are essential to prevent the aggregation of small bets over a lifetime to produce a felony. However, the fact that there may be borderline cases with a degree of uncertainty does not render the statute unconstitutional as to conduct about which no uncertainty exists. *People v. Witzkowski* (1972), 53 Ill. 2d 216, 219.

The Federal statute does provide a time limit but does not indicate a minimum number of bets. It appears that the Illinois statute meets constitutional guarantees of due process although it is not identical to the Federal statute in

all respects. This court has upheld reasonable attempts by the State legislature to delineate the limits of criminal conduct. In *People v. Raby* (1968), 40 Ill. 2d 392, this court rejected a challenge that an Illinois criminal statute was invalid by reason of vagueness. The court noted: "It is true that section 26—1(a) does not attempt to particularize all of the myriad kinds of conduct that may fall within the statute. The legislature deliberately chose to frame the provision in general terms, prompted by the futility of an effort to anticipate and enumerate all of the methods of disrupting public order that fertile minds might devise." 40 Ill. 2d 392, 396.

Finally, defendant argues that one section of the syndicated-gambling statute provides a time limit, whereas the section that the defendant was charged under does not. Section 28—1.1(c)(2) provides, in pertinent part:

> "A person 'operates a policy game' when he knowingly uses any premises or property for the purpose of receiving or knowingly does receive \*\*\* written 'policy game' records, made or used over any period of time \*\*\*." Ill. Rev. Stat. 1981, ch. 38, par. 28—1.1(c)(2).

Defendant argues that subsection (d) of the syndicated-gambling statute is invalid because it does not designate the time limit for the five bets, whereas subsection (c) states that a "policy game" can be detected "over any period of time." However, subsection (c) does not provide for a time limit. "Any period of time" does not limit the time frame of the offense. In support of his contention, defendant cites *State v. Baker* (La. 1978), 359 So. 2d 110. In *Baker*, the Supreme Court of Louisiana invalidated a State statute that allowed aggregation of worthless checks in order to meet a statutory minimum for a felony charge. The court held the statute unconstitutionally vague because it was uncertain in meaning and allowed for arbitrary enforcement. Although the factual situation in *Baker* is somewhat similar to the instant case, we are not persuaded that this view should be followed in Illinois. The overwhelming

body of judicial opinion from courts in Illinois, as well as the United States Supreme Court, indicates that a statute should not be held void due to vagueness unless the intent of the legislature cannot be inferred from the face of the statute. As this court noted in *City of Rockford v. Grayned* (1970), 46 Ill. 2d 492, 494: "While the ordinance may be susceptible to unconstitutional application, its constitutionality does not depend on conjectured misapplication."

We therefore conclude that section 28—1.1 is not unconstitutional on its face or as applied to this defendant. The judgment of the circuit court of Cook County is reversed and the cause remanded for further proceedings.

*Reversed and remanded.*