THE PEOPLE *ex rel.* DEPARTMENT OF PUBLIC AID, Plaintiff-Appellee, *v.* ERCILLA BELL, Defendant-Appellant.

First District (4th Division) No. 83—1138

Opinion filed February 16, 1984.

Willis E. Brown, of Chicago, for appellant.

No brief filed for appellee.

JUSTICE ROMITI delivered the opinion of the court:

Defendant Ercilla Bell has appealed, pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308), from the circuit court's denial of her motion to dismiss the complaint brought against her by the Illinois De-

partment of Public Aid. In that complaint the Department sought to recover $35,944 which defendant allegedly improperly received in the form of public assistance from January 1, 1965, through December 1, 1977, and an equal amount as a penalty for her allegedly fraudulent behavior. Although appellee-Department of Public Aid has failed to file a brief with this court, we will, in the exercise of our discretion, consider the cause on the merits. (*First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.) Defendant contends that her prior criminal conviction for theft based on the same alleged conduct should constitute a bar to this action on the grounds of (1) collateral estoppel and *res judicata*, (2) election of remedies, (3) accord and satisfaction, and (4) the proscription against *ex post facto* statutes.

We affirm.

On January 8, 1981, the defendant pled guilty to three counts of theft by deception (Ill. Rev. Stat. 1981, ch. 38, par. 16—1(b)). At that hearing it was stipulated that between January 1, 1965, and December 1, 1977, defendant received $31,234 in public aid warrants, $9,700 in medical authorization warrants, and $16,900 in food stamp authorizations, all from the Illinois Department of Public Aid. It was further stipulated that during this period defendant failed to report income she received from her employment at the Oak Forest Hospital and from the Cook County Annuity and Benefit Fund although she knew it was her statutory duty to do so. As the result of this failure to report income she was not entitled to the sums she had received from the Department.

Pursuant to a plea-bargaining arrangement the court, on the State's motion, struck (with leave to reinstate) 74 additional counts. The court found defendant guilty of three remaining counts which alleged the theft by deception of the amounts we have noted. However, defendant was sentenced only on count I, relating to the $31,234 in public aid warrants, the court finding that the other two counts merged into that one. Defendant was sentenced to two years' probation (with weekends in jail for the first nine months) and with the additional provision that she pay $5,000 in restitution to the Department of Public Aid. The court stated on the record that this amount had been paid.

In this cause the Department filed a complaint on March 11, 1982. The Department alleged that from January 1, 1965, to December 1, 1977, defendant received public assistance from the Department in the amount of $40,944 of which $35,944 was an "overissuance" resulting from defendant's failure to report her employment with Oak

Forest Hospital and her receipt of funds from the Cook County Employees' Annuity and Benefit Fund. According to the complaint, defendant had refused the Department's demand for a return of the $35,944, and accordingly the Department sought a judgment in this amount plus costs, interest and attorney fees. In a second count the Department alleged that defendant's wilful concealment of these facts from the Department had resulted in their loss of $35,944 and that as a result of this fraudulent behavior the Department was entitled to an additional civil penalty in the same amount.

The Department in its complaint purported to be relying on section 11—21 of the Illinois Public Aid Code (Ill. Rev. Stat. 1977, ch. 23, par. 11—21). The first paragraph of that section in essence authorized the criminal prosecution of one who fraudulently obtained public aid. A third paragraph authorized a civil action to recover aid obtained by such a person and provided that in the event fraud was established in such a civil action then an additional penalty up to the amount of the aid improperly received could be assessed. However section 21 in its entirety was repealed effective September 14, 1981. The first paragraph was replaced by new sections 8A—2 and 8A—6. (Ill. Rev. Stat. 1981, ch. 23, pars. 8A—2, 8A—6.) The third paragraph was replaced by section 8A—7(a), which provides for the same relief as its predecessor section. (Ill. Rev. Stat. 1981, ch. 23, par. 8A—7(a).) Defendant has raised no issue with respect to this erroneous reliance on repealed statutory provisions and it would appear that the matter may be satisfactorily resolved by amendment of the complaint in the trial court.

## I

 Defendant contends that in the prior criminal proceeding it was established that she illegally obtained public aid benefits and it was further established that the value of the benefits illegally obtained was $5,000, the amount of restitution ordered by the trial court in that proceeding. Based on this assertion defendant then contends that under the doctrine of collateral estoppel no subsequent action for these wrongs can be brought. In this respect defendant misapprehends the effect of collateral estoppel. That doctrine precludes relitigation of a particular fact or issue which has been previously determined in litigation between the same parties; in a subsequent action between those parties such prior determinations, if properly presented and relied on, will be conclusive on the parties. (23A Ill. L. & Prac. *Judgment* sec. 361 (1979).) Clearly defendant's assertion of a prior unfavorable adjudication of the issue of her having illegally obtained public aid benefits cannot, under collateral estoppel

principles, inure to her benefit. Nor do we find merit in defendant's contention that in the prior criminal proceeding the court's order of restitution of $5,000 amounted to a judicial determination that this was the value of the aid she illegally obtained. Defendant pled guilty to taking public aid valued at a total of $57,834, and the facts to which she stipulated also reflected that amount. Nothing in the transcript of the proceedings presented to this court suggests that the restitution ordered was intended to modify defendant's admissions or the court's adjudication of guilt based on those admissions. Thus assuming that collateral estoppel would be applicable to a civil proceeding such as this where the prior adjudications relied on arose in a criminal trial, an issue which we do not reach, it is apparent that the doctrine would not bar this litigation nor would it preclude the Department from seeking the amount of damages they have claimed. However, again assuming the applicability of the doctrine, we also do not reach the issue of whether defendant's plea of guilty to three counts of theft would be dispositive of the contentions of fraud raised in this action. See *People v. Brooks* (1976), 65 Ill. 2d 343, 357 N.E.2d 1169.

We also note that to the extent defendant may be attempting to assert a double jeopardy defense, the case of *Department of Public Aid v. Greenlee* (1978), 61 Ill. App. 3d 649, 378 N.E.2d 579, is dispositive of the issue. In that case the defendant had pled guilty to misdemeanor fraud under the first paragraph of section 11—21 (Ill. Rev. Stat. 1977, ch. 23, par. 11—21). The Illinois Department of Public Aid then filed a complaint seeking recovery of the aid the defendant had received and also seeking a penalty in the same amount, relying on the third paragraph of section 11—21. The trial court granted summary judgment for the defendant as to the count seeking the penalty on the ground of double jeopardy. However, on appeal it was held that the penalty sought amounted to additional damages recoverable in a civil judgment rather than being a punishment for a crime. As such the suit seeking the penalty was not barred on double jeopardy grounds. In this cause the same reasoning applies; the former criminal prosecution of the defendant presents no double jeopardy bar to this civil action in which the Department seeks to recoup damages rather than to inflict punishment.

## II

Defendant also contends that the doctrine of election of remedies precludes the Department from bringing this action. Without determining whether that doctrine would even be applicable to

the bringing of a civil suit following the successful prosecution of a criminal action, we find that defendant has established no basis for asserting such a defense. As was stated in *Schwartz v. City of Chicago* (1974), 21 Ill. App. 3d 84, 94, 315 N.E.2d 215, 224:

> "The doctrine of election among cumulative remedies does not apply when multiple avenues of remedy are pursued, as long as double compensation of the plaintiff is not threatened, the defendant has not actually been misled by the plaintiff's conduct, and res adjudicata principles cannot be applied to bar an inconsistent theory. [Citation.]"

Here no double compensation is threatened. The Department is seeking to recover far less in count I of its complaint than defendant admitted having wrongfully received. The count II claim for a penalty is based on a provision which has been construed as being intended to protect the State's welfare funds from depletions resulting not just from fraudulent claims but from the expenses of investigating and recouping such claims. (*Department of Public Aid v. Greenlee* (1978), 61 Ill. App. 3d 649, 653, 378 N.E.2d 579, 582.) Nothing in the record suggests defendant was misled, and as we have already determined, no *res judicata* bar is presented.

## III

■ Defendant's contention that an accord and satisfaction was reached in the criminal prosecution depends on a finding that the restitution of $5,000 paid by defendant pursuant to her guilty plea was intended to be a settlement of a *bona fide* dispute as to the amount of money taken from the Department. But we have already held that the record establishes that defendant freely admitted to taking aid valued at $57,834 and her conviction was based on her stipulation to that fact.

## IV

■ Finally defendant contends that the filing of this action constituted a violation of the constitutional prohibition against the passage of *ex post facto* laws. (U.S. Const., art. I, sec. 10.) Clearly that provision, which is concerned with imposition by a new statute of greater punishment for a crime than that prescribed when the criminal act was committed (*Harris v. Irving* (1980), 90 Ill. App. 3d 56, 412 N.E.2d 976), has no application to this civil action which seeks damages previously determined not to be penal in nature (*Department of Public Aid v. Greenlee* (1978), 61 Ill. App. 3d 649, 378 N.E.2d 579; see *United States Trust Co. v. New Jersey* (1977), 431 U.S. 1, 17 n.13,

52 L. Ed. 2d 92, 106 n.13, 97 S. Ct. 1505, 1515 n.13), and which is based on a statute permitting only the same amount of recovery as its predecessor statute.

For the foregoing reasons, the order of the trial court is affirmed and the cause is remanded for further proceedings.

Affirmed and remanded for further proceedings.

LINN, P.J., and JIGANTI, J., concur.