THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. HARRY R. GOSSAGE *et al.,* Defendants-Appellees.

First District (4th Division)   Nos. 83—317, 83—318

Opinion filed October 18, 1984.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Jane E. Liechty, and Pamela Martin, Assistant State's Attorneys, of counsel), for the People.

Julius Lucius Echeles, of Chicago, for appellees.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff appeals the dismissal of an information charging defendants, Harry R. Gossage and David Gossage, also known as David Glosson, with possession of cannabis. The sole issue presented for review is whether the trial court properly dismissed the information on the ground that the State was estopped from prosecuting defendants where the latter agreed to participate in a drug abuse prevention program in exchange for the State's Attorney's agreement not to prosecute.

We reverse.

On October 1, 1981, Chicago police officer Thomas Zievencoe, accompanied by five other policemen, went to the apartment of David Glosson with a warrant for his arrest based on battery. Glosson opened the door; the police announced their office, arrested Glosson and advised him of his constitutional rights. The officers observed a quantity of crushed green plant on a table. They asked to whom the plant belonged, and defendants replied that it belonged to both of them. Gossage was then placed under arrest and advised of his rights. When Officer Zievencoe accompanied Glosson to the kitchen to get his shirt, he (Zievencoe) observed more marijuana.

Defendants disputed Officer Zievencoe's account of their arrests. According to Glosson, when Gossage turned the knob to open the door, the police pushed their way into the apartment, immediately handcuffed them, and began to search the premises without their consent. The police did not have a search warrant and did not announce their office. There was no crushed green plant on the table or in the kitchen sink. The police found the crushed green plant in the refrigerator in the vegetable bin. Gossage testified that a marijuana cigarette was on the table.

Assistant State's Attorney William Merritt testified that he interviewed defendants to see whether they were eligible to participate in the State's Attorney's Program for the prevention of Drug Abuse (the Program). It is a pretrial diversion program for first offenders under age 30 charged with possessing, in the case of marijuana, 100 or fewer grams of the substance. A defendant found eligible for the Program may move for and usually receives a three-month continuance. During this period, the defendant is required to attend five classes on Saturday mornings. Upon completion of the Program, the State's Attorney would move to nol-pros the charge pending against a defendant.

Merritt asked defendants whether the amount of marijuana they were charged with possessing was 100 grams or less; they replied in

the affirmative. Ultimately, a laboratory report revealed that the amount of marijuana in defendants' possession was 748.2 grams. Defendants claimed that they were never individually interviewed by Merritt. The arrest report for defendants indicated that a "large quantity" of marijuana was discovered in their possession. Merritt admitted that he did not inspect this report. The complaint for preliminary examination did not indicate the amount of grams seized.

At a hearing on October 2, 1981, an assistant State's Attorney reported to the trial court that both defendants qualified for the Program. The trial judge asked defendants whether they wanted to participate and they agreed. Neither defendant was represented by counsel at the hearing. Both defendants signed (1) an agreement to participate in the Program; (2) an acknowledgement of waiver of notice and waiver of summons to appear; and (3) defendants' motion for continuance, waiver of notice, and waiver of summons to appear.

In a letter dated October 6, 1981, addressed to his employer, Gossage stated that he did not know the amount of marijuana found in his possession, but that at the time of his arrest police told him it was two or three pounds.

When assistant State's Attorney Merritt discovered that the amount of marijuana defendants were charged with possessing exceeded 100 grams, he notified them that he would withdraw the offer of participation in the Program.

At a hearing on January 2, 1982, the trial court denied defendants' motion to suppress evidence. The case was continued several times until January 4, 1983, when the trial court conducted a hearing on defendants' motion to dismiss, on the basis of estoppel, an information charging them with possession of marijuana (Ill. Rev. Stat. 1979, ch. 56½, par. 704(e)). The trial judge sustained defendants' motion, holding that they gave up rights when they accepted the offer to attend the Program and that the State was estopped from further prosecution. The State appeals.

The State makes several arguments that the trial court erred in dismissing the information. First, it contends that the advancement of the charge against defendants was a proper exercise of its authority to initiate and manage criminal litigation. Such authority allowed it to create the Program and, once created, allowed it to advance the cases of defendants admitted but later found ineligible. Next, the State claims that defendants were not prejudiced by the advance of the charge against them and gave up no rights in agreeing to participate in the Program. The State did not mislead defendants; rather, defendants misrepresented the amount of marijuana confiscated.

Defendants advance several arguments in favor of the proposition that the information charging them with possession of marijuana was properly dismissed. First, they argue that it is unconscionable to place upon a defendant, unrepresented by counsel, the burden of determining his own eligibility for the Program. Secondly, they contend that the common practice of charging a defendant with possession of an amount of contraband less than the amount actually confiscated negates the State's claim that defendants willfully misrepresented the amount of marijuana they were charged with possessing. Thirdly, defendants claim that they gave up substantial rights upon entering the Program in reliance upon the State's representations—the right to counsel with respect to making the decision whether to enter the Program and the right to a speedy trial during the three-month continuance granted to participants of the Program.

Finally, defendants contend that the State is chargeable with knowledge of the amount of marijuana possessed by defendants. When defendants were invited into the Program, the State had actual or constructive knowledge that a police report characterized the quantity of marijuana seized as "large" and that in a complaint for preliminary examination, dated October 2, 1981, there was a blank space next to the word "grams" which would have given the amount of marijuana. In addition, the word, "felony" appeared in capital letters in the upper right-hand corner of the complaint.

In our opinion, the trial court erred in dismissing the information against defendants. The State's Attorney has always enjoyed a wide discretion in both the initiation and the management of criminal litigation. That discretion includes the decision whether to initiate any prosecution at all, as well as to choose which of several charges shall be brought. (*People ex rel. Carey v. Cousins* (1979), 77 Ill. 2d 531, 539, 397 N.E.2d 809, 814.) The decision to nol-pros lies within the nearly unfettered discretion of the State's Attorney. *People v. Sanders* (1980), 86 Ill. App. 3d 457, 467, 407 N.E.2d 951, 958.

■ The State's Attorney's Program represents an exercise of his discretion to offer to nol-pros a case. Implicit in the exercise of such discretion is his ability to withdraw an offer when, in his judgment, such action is appropriate. In the instant case, when the assistant State's Attorney later determined that defendants were in fact ineligible for the Program because they were charged with possessing more than 100 grams of marijuana, he properly exercised his discretion in withdrawing the offer of the Program.

■ We find meritless defendants' contentions that they gave up substantial rights upon entering the Program. Defendants cite no au-

thority for the proposition that they were entitled to assistance of counsel in deciding whether they would enter a program that could result in the dismissal of charges against them. They were not prejudiced by signing the agreement to enter the Program. They simply agreed to enter the Program; to attend all sessions; that violation of any law during the term of the Program would disqualify them; that prior to discharge from the Program, they would reveal any additional arrests; and that their understanding was that satisfactory completion of the Program would result in dismissal of the charge.

As a condition of the Program, defendants waived the right to a speedy trial during the three-month period. However, this did not constitute a waiver of the right to a speedy trial on the charges against them. The record contains no formal demand by them for a trial. Moreover, between February 1982 and January 1983, defendants requested and received many continuances. In our opinion, defendants gave up no substantial rights when they agreed to enter the Program.

■ It necessarily follows that since defendants waived no substantial rights and were not prejudiced, the State is not estopped from prosecuting them. Further, estoppel against the public is little favored; it is found only in rare and unusual circumstances, and it will not be applied to defeat the effective operation of a policy adopted to protect the public. *People ex rel. Fahner v. Colorado City Lot Owners & Taxpayers Association* (1982), 108 Ill. App. 3d 266, 279, 438 N.E.2d 1273, 1282.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed.

Reversed.

JIGANTI and ROMITI, JJ., concur.