THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MOHAMMED SAYEED KHAN, Defendant-Appellant.

First District (4th Division)   No. 83—2438

Opinion filed September 26, 1985.

Alfred L. Levinson and Mitchell F. Asher, both of Beaubien & Asher, of Palatine, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Assistant State's Attorney, of counsel), for the People.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

Following a bench trial, defendant Mohammed Sayeed Khan was convicted of criminal housing management (Ill. Rev. Stat. 1981, ch. 38, par. 12—5.1) and reckless conduct (Ill. Rev. Stat. 1981, ch. 38, par. 12—5) relating to his management of an apartment building located at 3266-70 North Clark Street and 907-909 West School Street in Chicago. Defendant was sentenced to court supervision for a period of one year and fined $750. He appeals from his convictions of both criminal housing management and reckless conduct.

The evidence presented at trial established that during the pertinent time period defendant was the beneficiary of the land trust in which the subject premises were held. On May 19, 1982, defendant's building was inspected by a licensed architect and a building inspector of the city of Chicago. Both of these individuals found evidence that portions of the rear porch of the building were rotted, deteriorated, or missing, that the corridors of the building were littered with refrigerators, mattresses, and other items of debris, that in the walls of some corridors and apartments there were holes, broken plaster, sunken floors, broken entry doors, and water damage, and that there was a lack of window glass, hot water or toilets, in some of the apartments. The building was not provided with smoke detectors.

A tenant of the building also testified to similar conditions. She stated that the defendant often made his monthly collection of the rent himself from his tenants in their apartments in the building.

The defendant presented no evidence on his own behalf. The trial court found him guilty of criminal housing management and reckless conduct. He was sentenced to one year of court supervision and fined $750. Defendant appeals from his convictions.

Defendant first challenges the constitutionality of the criminal housing management statute (Ill. Rev. Stat. 1981, ch. 38, par. 12—5.1) on the ground that it is void as unconstitutionally vague in violation of the due process clause of the fourteenth amendment (U.S. Const., amend. XIV) and the uniformity clause of the Illinois Constitution (Ill. Const. 1970, art. 1, sec. 2). The Act defines the offense of criminal housing management as follows (Ill. Rev. Stat. 1981, ch. 38, par. 12—5.1(a)):

> "A person commits the offense of criminal housing management when, having personal management or control of residential real estate, whether as a legal or equitable owner of residential real estate or as a managing agent or otherwise, he knowingly permits by his gross carelessness or neglect the

physical condition or facilities of the residential real estate to become or remain so deteriorated that the health or safety of any inhabitant is endangered."

A criminal statute violates the requirements of due process if it fails to give defendant notice of the action or conduct that is proscribed. (*People ex rel. Difanis v. Barr* (1980), 83 Ill. 2d 191, 205, 414 N.E.2d 731; *People v. Vandiver* (1971), 51 Ill. 2d 525, 530, 283 N.E.2d 681.) Thus the law must give the person of ordinary intelligence a reasonable opportunity to know what is prohibited and must provide explicit standards for police officers, judges and juries to prevent arbitrary and discriminatory enforcement. (*Grayned v. City of Rockford* (1972), 408 U.S. 104, 108, 33 L. Ed. 2d 222, 227, 92 S. Ct. 2294, 2299; *Schiller Park Colonial Inn, Inc. v. Berz* (1976), 63 Ill. 2d 499, 513, 349 N.E.2d 61; *People v. Tibbitts* (1973), 56 Ill. 2d 56, 59-60, 305 N.E.2d 152.) In short the statute must convey a "sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." *United States v. Petrillo* (1947), 332 U.S. 1, 8, 91 L. Ed. 1877, 1883, 67 S. Ct. 1538, 1542; *People v. Caffrey* (1983), 97 Ill. 2d 526, 530, 455 N.E.2d 60.

■ Defendant challenges the specificity of the criminal housing management provision on the ground that certain portions of the statute are so vague and general that they are insufficient to provide adequate warning of the conduct proscribed therein. Specifically, defendant claims that the terms "to become or remain deteriorated" and "dangerous and hazardous" are not susceptible of sufficient definition to give proper notice of the nature of the crime.

We are unpersuaded by defendant's contention that the statute is unconstitutionally vague in this regard. Due process does not require an impossible level of specificity in penal statutes (*People v. Caffrey* (1983), 97 Ill. 2d 526, 530, 455 N.E.2d 60), nor does it compel a mechanical application of analysis. (*Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.* (1982), 455 U.S. 489, 498, 71 L. Ed. 2d 362, 371, 102 S. Ct. 1186, 1193.) Instead it calls for an interpretation of statutory language according to its ordinary and commonly understood meaning (*People v. Schwartz* (1976), 64 Ill. 2d 275, 280, 356 N.E.2d 8, *cert. denied* (1977), 429 U.S. 1098, 51 L. Ed. 2d 545, 97 S. Ct. 1116) in light of the conduct charged. (*United States v. National Dairy Products Corp.* (1963), 372 U.S. 29, 33, 9 L. Ed. 2d 561, 565-66, 83 S. Ct. 594, 598.) Consequently, neither the enumeration of specific types of deterioration, the time period of this deterioration, nor the manner or extent to which inhabitants might be endangered are necessary for purposes of constitutionality here. Due process does not

require such precision or "laundry list" of conditions, since such a task would be impossible. (See *People v. Caffrey* (1983), 97 Ill. 2d 526, 530, 455 N.E.2d 60; *People v. Raby* (1968), 40 Ill. 2d 392, 396, 240 N.E.2d 595, *cert. denied* (1969), 393 U.S. 1083, 21 L. Ed. 2d 776, 89 S. Ct. 867; *People v. Davis* (1982), 106 Ill. App. 3d 260, 265, 435 N.E.2d 838; *People v. Schoos* (1973), 15 Ill. App. 3d 964, 966-67, 305 N.E.2d 560, *appeal dismissed* (1974), 417 U.S. 963, 41 L. Ed. 2d 1135, 94 S. Ct. 3165.) It is clear that the legislature enacted the subject statute in order to prevent persons who control residential property from permitting it to deteriorate such that it posed a danger to the health and safety of residents. Since the enumeration of all such conditions was impractical, the legislature reasonably chose sufficiently broad language to encompass all such situations therein.

■■ Defendant next challenges the sufficiency of the statute on the ground that it defines the offense as one where the owner or manager of residential property "knowingly commits *** gross negligence." Defendant claims that since negligence is defined *inter alia* as a "failure to be aware" (Ill. Rev. Stat. 1981, ch. 38, par. 4—7), the statute is vague because one cannot "knowingly fail to be aware."

The terms "gross carelessness" and "gross neglect" or "gross negligence" are the historical predecessors of the term "recklessness" and have the same meanings. (See Ill. Ann. Stat., ch. 38, par. 4—3, Committee Comments, at 257-60 (Smith-Hurd 1972); see also *People v. Adams* (1919), 289 Ill. 339, 345-46, 124 N.E.2d 575.) Recklessness is defined as a "*conscious* disregard of a substantial and unjustifiable risk." (Ill. Rev. Stat. 1981, ch. 38, par. 4—6.) We decline to adopt defendant's interpretation that the criminal housing management statute is inherently contradictory in this regard. The provision simply attaches criminal liability where one is consciously aware of the risk of danger resulting from deteriorated conditions, and further disregards that risk.

■■ Defendant also claims that his convictions should be reversed because the trial court erred in denying his motion to dismiss the reckless conduct charges. Defendant contends that the complaint was defective in that it charged him only with certain failures to act, whereas reckless conduct is committed where one performs an act which causes harm or endangers safety.

Section 12—5(a) of the Criminal Code of 1961 provides that "[a] person who causes bodily harm to or endangers the bodily safety of an individual by any means, commits reckless conduct if he performs recklessly the acts which cause the harm or endanger safety, whether they otherwise are lawful or unlawful." (Ill. Rev. Stat. 1981, ch. 38,

par. 12—5.) The Code's use of the term "act" includes "a failure or omission to take action." (Ill. Rev. Stat. 1981, ch. 38, par. 2—2.) Thus the crime of reckless conduct occurs where one omits or fails to take certain actions, and this omission or failure causes another harm or endangers safety. Accordingly, defendant's claim in this regard is without merit.

■ Defendant also argues that his convictions violate equal protection and double jeopardy. Initially defendant contends that his convictions were violative of equal protection principles because "some people who have 50 [building code] violations [are] brought down *** for civil proceedings and *** some people [are] *** charged criminally." Defendant further claims that the trial court erred when it denied him an opportunity to cross-examine one of the State's witnesses regarding other prosecutions in Cook County on charges of criminal housing management.

The Illinois Supreme Court has observed that "[t]he State's Attorney is the representative of the People and has the responsibility of evaluating the evidence and other pertinent factors and determining what offense can properly and should properly be charged." (*People v. Rhodes* (1967), 38 Ill. 2d 389, 396, 231 N.E.2d 400.) Consequently, selective prosecution is permissible as long as it is not based on clearly impermissible grounds such as discrimination on the basis of race, religion, the exercise of first amendment rights, or bad faith. See *United States v. Blitstein* (10th Cir. 1980), 626 F.2d 774, 782, *cert. denied* (1981), 449 U.S. 1102, 66 L. Ed. 2d 828, 101 S. Ct. 898.

We observe that there is nothing in the record to indicate that the State's Attorney selectively prosecuted the defendant, nor to show that any selectivity was founded on impermissible grounds. Furthermore, defendant's attempt to present such evidence through cross-examination of a State's witness regarding his knowledge of other criminal housing prosecutions was properly barred by the trial court as beyond the scope of direct examination. (See *People v. Hanna* (1983), 120 Ill. App. 3d 602, 611, 457 N.E.2d 1352.) Moreover, we observe that defendant presented no evidence in his own case to demonstrate selective prosecution on the part of the State's Attorney. Accordingly, we find no basis for defendant's argument in this regard.

■ Defendant also contends that his prosecution and convictions were erroneous because they violated the principle of double jeopardy. (U.S. Const., amend. V.) In this respect he argues that it was apparent during trial that he was concurrently being "prosecuted" in civil court for violations of the Chicago Building Code.

We note first that there is not the slightest bit of evidence in the

record to establish the existence of any civil proceedings against defendant for building code violations. In any event, even assuming the existence of such proceedings, such dual pursuance of defendant was not improper, since the proscription against double jeopardy applies only to multiple criminal prosecutions (see *People v. Young* (1983), 116 Ill. App. 3d 984, 989, 452 N.E.2d 718) and does not bar the institution of both civil and criminal proceedings. See *People ex rel. Department of Public Aid v. Bell* (1984), 121 Ill. App. 3d 1017, 1021, 460 N.E.2d 478.

■ Defendant also argues that the trial court erred in allowing the State to nol-pros the charge of notice of building code violations against the defendant at the conclusion of the State's case in chief. He claims that the court instead should have entered a finding of not guilty on the charge of notice. He contends that the court's failure to do so places him in further jeopardy that he may yet be prosecuted for these offenses.

"It is a familiar and firmly established principle that the State's Attorney, as a member of the executive branch of government, is vested with exclusive discretion in the initiation and management of a criminal prosecution. [Citations.] That discretion includes the decision whether to prosecute at all, as well as to choose which of several charges shall be brought. [Citations.]'' *(People ex rel. Daley v. Moran* (1983), 94 Ill. 2d 41, 45-46, 445 N.E.2d 270.) Accordingly, the decision to nol-pros lies within the discretion of the State's Attorney. *(People v. Gossage* (1984), 128 Ill. App. 3d 188, 191, 470 N.E.2d 548.) Consequently, the State's decision to nol-pros certain charges against defendant here affords no basis for reversal of his convictions of other offenses.

■ Defendant argues that the State's nondisclosure of certain evidence mandates reversal of his convictions.

Illinois Supreme Court rules regarding discovery in criminal cases are not applicable in misdemeanor cases. *(People v. Elbus* (1983), 116 Ill. App. 3d 104, 107, 451 N.E.2d 603.) Instead, the Code of Criminal Procedure of 1963 provides that in such cases, the State is required to furnish a defendant with a list of witnesses, any confessions of the defendant, and evidence negating defendant's guilt. (Ill. Rev. Stat. 1981, ch. 38, pars. 114—9, 114—10.) Furthermore, any authority of a trial court to order pretrial discovery, absent specific rules, is not relevant after adoption of the Supreme Court Rules. *People v. Williams* (1981), 87 Ill. 2d 161, 165, 429 N.E.2d 487.

The record shows that the defendant here was supplied by the State with a list of potential witnesses, a statement that defendant

had made no confession, and that the State possessed no evidence which negated defendant's guilt. It further reflects that defendant was provided with two bills of particulars stating the date, time, location, and specific nature of defendant's acts on which prosecution was based. In addition he was tendered a copy of a report authored by one of the State's witnesses prior to that witness' testimony at trial. In view of such disclosures, we find no basis for defendant's argument. His contention that he should have been tendered the contents of an interview with a witness who testified at trial and photographs that were admitted into evidence is also without merit, since no disclosure of such evidence or information was required. See *People v. Elbus* (1983), 116 Ill. App. 3d 104, 108-09, 451 N.E.2d 603; Ill. Rev. Stat. 1981, ch. 38, pars. 114—9, 114—10.

Defendant also contends that the nondisclosure was "tantamount to denying the defendant his sixth amendment right to the effective assistance of counsel." Such argument is patently without merit and affords no basis for reversal.

■ Defendant argues that he was denied a fair trial because, according to him, the trial court abandoned impartiality and assumed the rule of prosecutor. Specifically, he contends that the trial court improperly (1) restricted his cross-examination of a State's witness who testified regarding conditions at the premises in question; (2) characterized the testimony of this witness during direct examination; and (3) admitted State's evidence not qualified as a business record.

The record shows that the trial court properly denied defendant's cross-examination of a State's witness regarding his knowledge of specific provisions of the Chicago Building Code. Such cross-examination sought irrelevant information and was properly barred by the trial court. See *People v. Rudi* (1981), 94 Ill. App. 3d 856, 860, 419 N.E.2d 646.

Defendant's claim that the trial court "characterized the testimony of the State's witness in a manner denoting partiality on the part of the trial court" is also without foundation. Where a case is tried without a jury, the danger of prejudice from questions by the court is lessened. (*People v. McCommon* (1979), 79 Ill. App. 3d 853, 868, 399 N.E.2d 224.) Here the judge merely attempted to clarify some details in the witness' testimony regarding the conditions of the premises and related matters, which were in any event corroborated by properly admitted photographic evidence. Our review consequently discloses no impropriety on the part of the trial court. See *People v. Hughes* (1984), 121 Ill. App. 3d 992, 1000-01, 460 N.E.2d 485.

■ In addition, defendant's argument that the trial court erroneously

permitted into evidence a trust agreement and an assignment of beneficial interest regarding the subject premises is also without foundation. The record establishes that a land trust officer for the bank named as *trustee of the* land trust testified that both documents were made in the regular course of business and that it was the regular course of business to make such records. Consequently, the evidence was properly admitted into evidence. See Ill. Rev. Stat. 1981, ch. 38, par. 115—5(a); *People v. Lewis* (1977), 52 Ill. App. 3d 477, 484, 367 N.E.2d 710.

■■ Defendant argues that the trial court improperly quashed a pretrial *subpoena duces tecum* which he sought to enforce against one of the State's witnesses in order to compel his production of a report authored by the witness. Such evidence was not subject to pretrial discovery by the defendant. (*People v. Elbus* (1983), 116 Ill. App. 3d 104, 451 N.E.2d 603; Ill. Rev. Stat. 1981, ch. 38, pars. 114—9, 114—10.) Furthermore, the record indicates that the defendant failed to make the showing necessary to warrant the issuance of such a subpoena. See *United States v. Nixon* (1974), 418 U.S. 683, 41 L. Ed. 2d 1039, 92 S. Ct. 3090; *People v. Cannon* (1984), 127 Ill. App. 3d 663, 665, 469 N.E.2d 375.

■■ Lastly, defendant argues that he was not found guilty beyond a reasonable doubt of the charges of reckless conduct and criminal housing management.

The sufficiency of evidence adduced at trial is a matter to be determined by the trier of fact. (*People v. Yates* (1983), 98 Ill. 2d 502, 524, 456 N.E.2d 1369, *cert. denied sub nom. Williams v. Illinois* (1984), 466 U.S. 981, 80 L. Ed. 2d 836, 104 S. Ct. 2364.) A reviewing court will not disturb its determination unless the evidence of guilt is so unreasonable or unsatisfactory that this creates a reasonable doubt of defendant's guilt. (*People v. Bartall* (1982), 98 Ill. 2d 294, 308, 456 N.E.2d 59.) It is neither the duty nor the privilege of a reviewing court to substitute its judgment as to the weight of the disputed evidence or the credibility of witnesses for that of the trier of fact who heard the evidence and observed the demeanor of the witnesses. *People v. Kosik* (1982), 110 Ill. App. 3d 930, 938, 443 N.E.2d 238.

Based upon the evidence admitted at trial, we find no ground for reversal in this regard. The testimony of a bank officer of the bank in which the property was held, and properly admitted business documents of the bank regarding the land trust and assignment of beneficial interest, showed that the defendant was the beneficiary of the land trust in which the apartment building was held and had the responsibility of management and control of the premises. Testimony of

a tenant of the building indicated that the defendant visited the premises on various occasions and collected rent from the tenant in her apartment. In addition, testimony of a building inspector and a licensed architect, both of whom inspected the site, established the deteriorated condition of the building. Photographs taken by these individuals also showed in detail the state of disrepair of numerous sections of the building, both on the exterior and in the interior. Based on this record, we cannot say that the evidence of guilt was so unreasonable or unsatisfactory that it created a reasonable doubt of defendant's guilt of reckless conduct and criminal housing management.

For the reasons stated, the judgments of the trial court are affirmed.

Affirmed.

JOHNSON and LINN, JJ., concur.