JANE L. MINNEMAN, Plaintiff-Appellee, v. JOSEPH C. MINNEMAN, Defendant-Appellant.

Third District   No. 3—87—0711

Opinion filed May 17, 1988.—Rehearing denied June 17, 1988.

Robert H. Jones, of Robert H. Jones, Ltd., of Peoria (Joseph C. Minneman, of counsel), for appellant.

Quinn, Johnston, Henderson & Pretorious, Chartered, of Peoria (Paul Gilfillan, of counsel), for appellee.

PER CURIAM: Jane Minneman, n/k/a Jane Meier, filed a petition in the circuit court of Peoria County to register a judgment for dissolution of marriage entered by an Indiana trial court. (Ill. Rev. Stat. 1985, ch. 110, par. 12—601 *et seq.*) Joseph Minneman filed a motion to strike, vacate, and set aside Jane's petition. He alleged, first, that the Indiana trial court lacked personal jurisdiction. Second, that because of a previous Illinois judgment, the doctrine of *res judicata* rendered the Indiana decree void. The Illinois trial court denied Joseph's motion and Joseph appealed. We affirm.

According to her petition for dissolution, Jane and Joseph were married on September 18, 1973. No children were born as a result of this marriage. Jane alleged that on November 1, 1985, she and Joseph separated and that she subsequently became a resident of the State of Indiana. On October 17, 1986, Jane filed her first petition for dissolution of marriage in Peoria County, Illinois, on grounds of mental cruelty. On February 10, 1985, following a hearing on the

merits, Jane's petition was denied for failure to prove the alleged grounds. Jane then filed a petition for dissolution of marriage in Indiana on May 30, 1986, on the grounds that, under Indiana law, the marriage had suffered an irretrievable breakdown. Joseph filed a motion with the Indiana trial court to dismiss the petition for dissolution. He alleged, first, that the Indiana court lacked personal jurisdiction and, second, that there was an identical case pending in Peoria County and that the Illinois petition for dissolution had been denied on the merits. The Indiana trial court initially granted the motion in part after determining that Jane's residence in Indiana was sufficient to confer subject matter jurisdiction on the court, but was not sufficient to confer personal jurisdiction over Joseph. The court further determined that neither the action pending in Illinois for legal separation nor the Illinois judgment dismissing Jane's dissolution petition for failure to prove the allegations of mental cruelty barred the Indiana action for dissolution on so-called no-fault grounds. Joseph raised no other objections before the Indiana trial court.

Subsequently, an affidavit of service was filed with the Indiana court on August 11, 1986, showing that Joseph was served with a copy of the Indiana complaint on June 4, 1986. Although the Indiana court file apparently contained no return of the summons, Joseph admitted that he received the Indiana dissolution petition from the process server on June 4, as alleged in the affidavit.

The final hearing on the Indiana petition for dissolution was held on August 11, 1986. The transcript shows that an Indiana attorney entered an appearance on Joseph's behalf. The attorney questioned Jane on cross-examination, but did not present evidence or call any witnesses to testify.

The trial court found that Joseph was duly served with process and that the jurisdictional requirements for dissolution of marriage and the grounds of irretrievable breakdown were met. A decree dissolving the marriage was entered. Joseph pursued neither post-trial remedies nor an appeal in Indiana.

Next, on October 17, 1986, Jane filed a petition for registration of the Indiana judgment with the circuit court in Peoria County, Illinois. The Illinois court denied Joseph's motion to dismiss, strike, vacate, and set aside Jane's petition for registration.

■ On appeal, Joseph continues to argue that the Indiana trial court did not have jurisdiction because the Indiana record is missing a return of summons. We disagree.

Not only did Joseph admit that he was served with summons, but

the attorney who represented Joseph on his motion to dismiss also entered an appearance on Joseph's behalf and participated in the final hearing in the Indiana dissolution proceeding.

Moreover, as already indicated, an affidavit of service was filed with the Indiana court prior to judgment there which alleged proper service. Joseph admitted that he was in fact served as alleged in the affidavit. Since the fact of service is admitted and not in issue, the only question is the method of service employed and the effect of the missing return of summons in the Indiana court file. This is a mere procedural question which falls short of any constitutional defect. It is also a question which, properly, should be addressed to and resolved by the courts of Indiana. Accordingly, service having been admitted, by failing to raise the issue of insufficient return of process in the Indiana trial proceedings in either a post-trial motion or an appeal, the issue is waived. To be generous, this alleged defect, if it was a defect, rendered the Indiana judgment, at most, voidable and not void. If Joseph wished to preserve this alleged procedural error, he was bound to raise it in Indiana. Not having raised it there, he cannot use it to collaterally attack an Indiana judgment in Illinois. That judgment is entitled to full faith and credit.

██ █ Finally, Joseph argues that because Jane's Indiana petition for dissolution was based upon the same core of operative facts as was the Illinois petition which was earlier denied on the merits, the doctrine of *res judicata* bars her from obtaining an Indiana dissolution judgment. First of all, Joseph is estopped from even raising the issue in the Illinois courts. Secondly, the issue is patently without merit. The grounds are different.

In the motion to dismiss filed in the Indiana proceeding, Joseph raised the issue of the prior Illinois judgment. In its written ruling on the motion to dismiss, the trial court considered Joseph's contention and stated that the judgment of the Illinois court dismissing Jane's dissolution petition for failure to prove the existence of fault grounds did not bar the dissolution action in Indiana on no-fault grounds. Just as with the question of the nonreturn of summons, Joseph did not move the Indiana trial court to reconsider, nor did he pursue an appeal in the Indiana Appellate Court to properly challenge the decision. The doctrine of collateral estoppel, which precludes relitigation of a particular fact or issue which has previously been determined in litigation between the same parties, bars Joseph from relitigating the *res judicata* issue decided by the Indiana court. (See *People ex rel. Department of Public Aid v. Bell* (1984), 121 Ill. App. 3d 1017, 1020.) Public policy dictates that there be an end to

litigation and that a party who contested an issue be bound by the result. Joseph did not pursue his remedies in Indiana. He cannot now come to Illinois to relitigate the issue. See *Ross & Chatterton Law Offices v. Lewis* (1982), 109 Ill. App. 3d 856.

For the foregoing reasons, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.